UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS  DIVISION

| | | |
|---|---|---|
| **ALCURTIS CELESTINE, ET AL** * | | **CIVIL ACTION NO. 05-1251** |
| **VERSUS** * | | **MAGISTRATE JUDGE HILL** |
| **AARON RENTS, INC. AND BROCK ROBERTS** * | | **BY CONSENT OF THE PARTIES** |

## MEMORANDUM RULING ON MOTION FOR SUMMARY JUDGMENT ON SECTION 1981 CLAIM

Pending before the Court is Defendant Brock Roberts' Motion for Summary Judgment filed against all plaintiffs on August 22, 2007.  [rec. doc. 70].  On September 11, 2007, the Court held oral argument on this motion.  [rec. doc. 112]. By Judgment entered on September 12, 2007, the Court granted the motion as to plaintiffs' claims under Louisiana's Employment Discrimination Law, La. R.S. 23:301 *et seq*., and Title VII, and denied it as to plaintiffs' claims under EPPA, 29 U.S.C. § 2002.  [rec. doc. 117].  The Court took the motion for summary judgment as to plaintiffs' claims under 42 U.S.C. § 1981 under advisement.  Based on the following reasons, the motion for summary judgment on the § 1981 claim is **DENIED**.

## **Summary Judgment Standard**

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). When the burden at trial rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case. *International Association of Machinists and Aerospace Workers, AFL-CIO v. Compania Mexicana de Aviacion, S.A.*, 199 F.3d 796, 798 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Courts consider the evidence in the light most favorable to the nonmovant, yet the nonmovant may not rely on mere allegations in the pleading; rather, the nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial. *Id*. (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Id*. (citing *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2458.))

## Analysis

### *Section 1981 Claim*

In the instant motion, the remaining issue is whether the defendant, Brock Roberts, can be held individually liable under 42 U.S.C. § 1981. As both parties concede, the Fifth Circuit has not yet decided whether a plaintiff has a cause of action under § 1981 against an individual defendant. *Felton v. Polles*, 315 F.3d 480-81 (5th Cir. 2002). Cases within this Circuit have made the same observation. *Cook v. GTE Southwest Inc.*, 2005 WL 292416 (N.D. Tex. Feb. 4, 2005). However, the Fifth Circuit "has suggested situations in which § 1981 liability may lie against individual defendants." *Foley v. University of Houston Sys.*, 355 F.3d 333, 338 n. 7 (5th Cir. 2003).

Other circuits have characterized a claim under § 1981 as similar to a tort action. *Al-Khazraji v. St. Francis College*, 784 F.2d 505, 518 (3rd Cir. 1986) (characterizing § 1981 as a tort remedy, such that non-employer defendants may be liable); *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 661, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987) (holding that § 1981 has a much broader focus than contractual rights and approving application of a tort statute of limitations to a § 1981 claim). Courts have allowed claims to proceed against an individual defendant under § 1981 where the plaintiff can show intentional acts by that defendant. *Whidbee v. Garzarelli Food*

*Specialties, Inc.*, 223 F.3d 62, 75 (2nd Cir.2000) (holding individuals may be held liable under § 1981 where the plaintiff demonstrates "some affirmative link to causally connect the actor with the discriminatory action"); *Cardenas v. Massey,* 269 F.3d 251, 268-9 (3d Cir.2001) (individual liability under § 1981 is found when the defendant intentionally causes an infringement of rights protected by § 1981, regardless of whether the employer may also be held liable); *Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978, 983 (10th Cir.1991) (claim seeking personal liability under section 1981 must be predicated on the actor's personal involvement). Additionally, the Fifth Circuit has likened a § 1981 claim to a tort under Louisiana law. *Taylor v. Bunge Corp.*, 775 F.2d 617, 618 (5th Cir.1985) (holding that § 1981 is best characterized as a tort under Louisiana law).

Based on the foregoing authorities, the Court finds that plaintiffs have demonstrated that an issue of material fact exists as to their § 1981 claim. Accordingly, the motion for summary judgment on that claim is **DENIED**.

**THUS DONE AND SIGNED** this 17th day of September, 2007, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE