**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **ALCURTIS CELESTINE, ET AL** * | **CIVIL ACTION NO. 05-1251** |
| **VERSUS** * | **MAGISTRATE JUDGE HILL** |
| **AARON RENTS, INC. AND** * | **BY CONSENT OF THE PARTIES** |
| **BROCK ROBERTS** | |

**MEMORANDUM RULING**

On August 14, 2008, defendants, Aaron Rents, Inc. and Brock Roberts, filed a Motion for Review of Taxation of Costs [rec. doc. 168]. No opposition has been filed, and the deadline for filing opposition has expired.[1]

On October 5, 2007, after a trial on the merits, this Court entered a judgment in favor of defendants and against plaintiff, Alcurtis Celestine ("Celestine") [rec. doc. 138]. On October 25, 2007, defendants submitted a Bill of Costs, seeking recovery of miscellaneous costs, including the cost of Celestine's deposition transcript [rec. doc. 155]. Defendants filed an Amended Bill of Costs on October 31, 2007, correcting the amount of fees charged for copies of exhibits [rec. doc. 156].

On November 9, 2007, after a trial on the merits, this Court rendered judgment in favor of defendants and against plaintiff, Quentin Chapman ("Chapman") [rec. doc.

---

[1] ULLR 7.5W provides that opposition to a motion shall be filed within 15 days after service.

158]. Defendants submitted a Bill of Costs seeking recovery of various costs, including the cost of Chapman's deposition transcript, on December 3, 2007 [rec. doc. 160]. On August 7, 2008, the Clerk of Court issued a determination regarding Taxation of Costs, disallowing the costs for the deposition transcripts of Celestine and Chapman. [rec. docs. 165, 166]. Defendants filed the instant motion to review this determination on August 14, 2008 [rec. doc. 168].

In the motion to review, defendant requests $1,248.50 for the cost of the deposition transcript of Celestine, and $1,795.00 for the cost of the deposition transcript of Chapman. These costs were requested in the original applications, but were denied on the grounds that "[t]he record does not show that the video deposition[s] . . . [were] used at trial." [rec. docs. 165, 166].

Under 28 U.S.C. § 1920, taxation of costs is allowed for "the stenographic transcript necessarily obtained for use in the case." Depositions are clearly included within the phrase "stenographic transcript." *Crawford v. U.S. Dept. of Homeland Sec.*, 245 Fed.Appx. 369, 383 (5th Cir. 2007). Several courts, including the Fifth Circuit, have held that expenses of discovery depositions shown to be reasonably necessary to the case are recoverable, even if these depositions are not introduced as evidence at trial. *Stearns Airport Equipment Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999); *State of Ill. v. Sangamo Const. Co.*, 657 F.2d 855, 867 (7th Cir.

1981); *George R. Hall, Inc. v. Superior Trucking Co., Inc.*, 532 F.Supp. 985, 994 (N.D. Ga. 1982); *Modick v. Carvel Stores of New York, Inc.*, 209 F.Supp. 361, 364 (S.D.N.Y. 1962).

In this case, the Court finds that the depositions of Celestine and Chapman, who were parties plaintiff, were necessarily obtained for use in the case. Accordingly, I find that these costs should be allowed.

Accordingly, the Taxation of Costs is hereby **AMENDED** to allow $1,248.50 for the cost of the stenographic transcript of Celestine, and $1,795.00 for the stenographic transcript of Chapman.

Signed September 30, 2008, at Lafayette, Louisiana.

_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE